{E. P. PEGRAM *v.* THE COMMISSIONERS OF CLEAVELAND COUNTY.

A creditor of a County, (by coupons upon County bonds issued in 1857,) applied for a *Mandamus* to compel the levy of taxes for the satisfaction of his debt: *Held,*

1. That the remedy asked for, was, under the circumstances, the proper one, and,

2. That the "equation of taxatton" established by the Constitution of 1868, (Art., V. s. 7,) does not apply to prevent a County from providing for the payment of its debts existing when that Constitution was adopted.

(*University R. R. Co.,* v. *Holden,* 63 N. C., 410, and *Winslow* v. *the Comm'rs. of Perquimans, ante* 218, approved.)

MANDAMUS, tried before *Logan, J.,* at Spring Term 1870, of MECKLENBURG Court.

The plaintiff alleged that he was holder of coupons of bonds issued by Cleveland County in 1857; that the act authorizing the bonds had directed that taxes should be levied by the County authorities, in order to pay the coupons as they became due; that he had demanded payment, and had been refused; thereupon he asked for a mandamus, directing a tax to be levied for his satisfaction, &c.

The defendants answered, stating that the County was without money to meet the demand; that the State Constitution (Art. V, s. 7,) forbids their levying a tax for the purposes of the plaintiff, &c.

To this the plaintiff demurred.

His Honor overruled the demurrer, and the plaintiff appealed.

*Jones & Johnston,* for the appellant.
*Wilson, contra.*

PEARSON, C. J. The matter set out in the return is not a sufficient cause against the writ of *mandamus*.

1. Mandamus to compel the levy of taxes is the appropriate remedy: *Winslow* v. *Comm'rs. Perquimans, ante,* 218. An action will lie against the Commissioners of a County for a money demand; but it appears that in other cases mandamus is the proper remedy.

2. The fact that the Commissioners had no funds in hand, is a very cogent reason for levying a tax in order to raise funds to meet the liability of the County.

3. In *University R. R. Co.,* v. *Holden,* 63 N. C., 410, all of the Justices of this Court agreed that the "equation of taxation" established by the Constitution, does not restrict the power of State taxation to meet the interest of the public debt. On the same principle, Art. V, sec. 7 of the Constitution does not restrict the power of County taxation to meet the interest of the debt of the County, and such taxation does not require the special approval of the General Assembly.

Besides, it is alleged in the petition, and not denied by the return, that the act of February 1857, under which these bonds were issued, makes it the duty of the Justices of the County to provide means for paying the interest annually, by levying taxes. The Commissioners succeed to the rights and duties of the Justices. So the power to levy this tax is ample, and the neglect or refusal to do so, must be ascribed to unwillingness rather than a want of power.

Order overruling the demurrer reversed. It is declared to be the opinion of this Court that the writ of mandamus should be issued as prayed for. This will be certified, to the end that his Honor may direct the writ to be issued.

PER CURIAM. Ordered accordingly.