J. N. UZZLE *v.* THE COMMISSIONERS OF FRANKLIN COUNTY.

Where a plaintiff holds a debt against a county, contracted since the adoption of the Constitution for the ordinary and necessary expenses of the county, and where the county has the means to pay the debt, such plaintiff is entitled to a peremptory *mandamus*, and it was error in the Court below to refuse it.

(*Street* v. *Commissioners of Craven; Horton* v. *Commissioners of Jones; Edwards* v. *Commissioners of Wilkes*, at this term; and *Pegram* v. *Commissioners of Cleaveland*, 64 N. C. Rep. 557, cited and approved.)

CIVIL ACTION, tried before *Watts, J.,* at the Fall Term, 1873, of the Superior Court of FRANKLIN county, upon the following agreed state of facts.

1. That the debt sued for by the plaintiff, the amount of which is fixed by the judgment in this action, to-wit; $2138.61. was for the necessary and ordinary expenses of the county government.

2. That the tax levied by the State is twenty cents on the one hundred dollars worth of property, and that the defendants have levied a tax for county purposes of forty cents on the one hundred of property, or double the amount of the State tax.

3. That the current expenses of the county government for the year amount to about six thousand dollars; that the taxes assessed and levied on the property of the county for county purposes, amount to about eleven thousand dollars.

4. That the sheriff of the county, acting with the approval and authority of the defendants, is receiving county scrip in payment of these taxes.

5. That the county of Franklin was indebted in the sum of at least $15,000 at the time of the adoption of the State Constitution ; that since that time $10,000 of this debt has been paid out of the county taxes.

A special tax of about $6,000 was levied in 1869.

Upon the foregoing state of facts, his Honor refused the peremptory *mandamus* asked for by the plaintiff, whereupon the plaintiff appealed.

*Cooke & Spencer* and *Merrimon & Ashe*, for plaintiff.

*Davis* and *Battle & Son*, contra.

READE, J. There was error in refusing the *mandamus.* The case shows that the defendants have ample means with which to pay the plaintiff's debt. The current expenses of the county are $6,000. The tax list will raise $11,000, which leaves a surplus of $5,000. Why may not that pay the debt? We infer from what is stated (it is not plainly stated) that this surplus is applied towards the payment of the ante-war county debt. There is no necessity for this ; because, although that debt has to be paid, yet a tax to pay that debt may be levied without regard to equation or limitation. And that would leave the surplus of the present tax to be applied to the plaintiff's debt.

The questions involved have been considered and decided in several cases at this term, and need not be further elaborated. *Street* v. *Comm'rs of Craven ; Horton* v. *Comm'rs of Jones ; Edwards* v. *Comm'rs of Wilkes.* And see *Pegram* v. *Comm'rs of Cleaveland*, 64 N. C. R. 557.

This will be certified to the end that a peremptory *mandamus* may issue, &c.

PER CURIAM. Judgment reversed.