AUGUST BELMONT & CO. v. JOHN REILLY, Auditor.

An application by a holder of N. C. bonds for a *mandamus* to be directed to the Auditor of State, commanding him to cause to be levied certain special taxes to pay the accrued interest on said bonds, is an application "to enforce a money demand," and as such, a Judge at Chambers has no jurisdiction thereof.

This was a CIVIL ACTION, being an application for a peremtory writ of *mandamus*, heard before *Watts, J.*, at Chambers in WAKE county, on the 24th day of February, 1874.

At the hearing, the defendant moved to dismiss the action on the ground that this being an action for *mandamus*, to enforce the payment of a money demand, the Judge at Chambers had no jurisdiction. His Honor allowed the motion and dismissed the action, whereupon the plaintiffs appealed.

Other facts pertinent to the points decided are stated in the opinion of the Court.

*Reverdy Johnson, Budd* and *Badger*, for appellants.

*Attorney General Hargrove, Fuller & Ashe* and *Smith & Strong*, contra.

BYNUM, J. The plaintiffs allege that they are the owners of certain bonds of the State of North Carolina, upon which the coupons for the interest semi-annually accruing, for the years 1870 to 1874, inclusive, are due and unpaid by the State, according to the tenor thereof.

That the act under which the bonds were issued, provides for the assessment, levy and collection of a specific tax, annually, for the payment of the interest as it becomes due, and for a sinking fund for the payment of the principal, at the end of thirty years. The prayer of the complaint is that a peremptory writ of *mandamus* may be issued to John Reilly, the Auditor of the State, commanding him to cause the special tax imposed by the act referred to, to be levied, collected and paid

into the Treasury for the said years, to provide for the payment of the interest, due as aforesaid, upon the bonds of the plaintiffs; and that the Auditor shall place the tax lists, so prepared into the hands of the sheriff of each county in the State.

The action was commenced by summons issued from the proper office, and made returnable before the Judge at Chambers. Upon the return of the summons, the parties appeared, and the defendant moved the Court to dismiss the action for the want of jurisdiction, which motion was allowed, the Court dismissed the action, and the plaintiffs appealed to the Supreme Court.

So the only question before us is, did the Judge at Chambers acquire jurisdiction of the action thus commenced.

This will depend upon two other questions.

1. The nature of the demand set forth in the complaint; and

2. The construction of our Statutes prescribing the jurisdiction of the Courts and the mode of procedure therein.

The Code of Civil Procedure, section 381, provides that "all applications for writs of mandamus shall be made by summons and complaint." And "in all applications when the plaintiff seeks to enforce a money demand, the summons shall issue and be made returnable, as is prescribed by chap. 18 of Battle's Revisal." That chapter provides in section 1, that all civil actions shall be commenced by issuing a summons, and in section 2, that the summons shall be returnable to the regular term of the Superior Court of the county where the plaintiffs or one of them, or the defendants, reside, and shall command the sheriff to summon the defendant to appear at the next ensuing term of the Superior Court, to answer the complaint.

It is clear, then, from the positive language of the statute, that if this action is for a money demand, the summons must be made returnable to the Superior Court, in term time only; there is no room for construction.

Is the demand of the plaintiffs then in this action a money demand?

In the argument, the counsel for the plaintiffs admitted that their claim was a money demand, but insisted that in this proceeding they were not seeking to enforce a money demand, but only a remedy preliminary thereto, to wit : the collection and payment of the special tax into the Treasury of the State, which tax was pledged by law for the payment of their debt, and for the purpose of being so applied.

This construction savors of refinement, and to allow it would defeat the plain and obvious intent of the provisions of the Code.

The plaintiffs are the holders and owners of certain bonds for the payment of money which they allege the State of North Carolina owes them and has refused to pay, wherefore they resort to this action for the enforcement of this demand, which is the most direct and efficacious remedy for collecting the money which the law affords them.

The purpose of the action is the collection of the debt through and by means of this proceeding, either as a direct result or as one necessarily incident to and flowing out of the action. In a legal sense, it is as much a money demand as the old action of debt was, and in some respects it is more so, for here the party seeks to lay hold of a specific fund and appropriate it to the satisfaction of the demand.

There is now, in this State, Art. 4, sec. 1, Const., but one form of action, and the writ of *mandamus* is but a process of the Court in that action, the purpose of which writ is in actions for money demands, to give the plaintiff a more speedy and effectual recovery of his debt, than could be had in the ordinary way.

, The plaintiffs are seeking in this action, as the final result, termination and fruit thereof, to collect the money due on their bonds. In every sense, then, practical and legal, this is, in the language of the Code, an " application where the plaintiff seeks to enforce a money demand ;" and by the express words of the act, Bat. Rev., chap. 18, secs. 1 and 2, the summons must be

made returnable to the regular term of the Superior Court. Not having been so made returnable, the Judge at Chambers, did not acquire jurisdiction, and the action must be dismissed.

There is no error.

PER CURIAM.                              Judgment affirmed.