The case as settled by the counsel in the Court below is substantially this:
The County of Anson, as authorized by the act of 1857, to alter and amend the charter of the Wilmington, Charlotte Rutherford Railroad Company, issued certain coupon bonds, each dated 1st January, 1859, redeemable on the 1st January, 1881, and bearing interest at the rate of seven per cent. The plaintiff in this action became the holder of a number of said bonds, and some time in the spring of 1865, by exposure to the weather, his bonds and coupons (having been buried to secure them against loss at the hands of lawless men,) became defaced and mutilated to such extent, that in lieu of those defaced and mutilated the County Commissioners, by virtue of an act of the General Assembly, entitled "An act to authorize the Commissioners of Anson County to issue bonds," etc., ratified 3d of April, 1871, issued to the plaintiff other coupon bonds of like tenor, and corresponding in all respects with the mutilated bonds and coupons. Three of the coupons, maturing on the 1st January, 1864, escaped mutilation.
For the recovery of the foregoing coupons, specifically set forth below, this action is instituted.
The material part of the said bonds is in these words: "The (39) county of Anson, in the State of North Carolina, is justly indebted to John McLendon, or bearer, in the sum of one thousand dollars, and will pay the same to the holder hereof on the first day of January, in the year of our Lord one thousand eight hundred and eighty-one, at the Bank of Wadesborough, upon the surrender of this bond; the interest at the rate of seven per cent. per annum to be paid annually on the 1st day of January in each and every year ensuing the date hereof, at the Bank of Wadesborough, upon the delivery of the said coupons or warrants hereto subjoined, as they shall respectively become due." That the coupons attached to said bonds were thus worded: "Anson County will pay to bearer, January 1st, 18 __, coupon No. ___, seventy dollars, annual interest on bond No. __, at the bank of Wadesborough." That the following are the coupons due and for which this action is brought, to wit:
Nine coupons, (in which are included the three not defaced,) due January 1st, 1864;
Thirteen coupons, due January 1st, 1865; Fourteen coupons, due January 1st, 1867; Fourteen coupons, due January 1st, 1868; Fifteen coupons, due January 1st, 1869; Fifteen coupons, due January 1st, 1870. Amounting to the aggregate value of five thousand six hundred dollars. *Page 44 
The county of Anson had no funds of par value in the Bank of Wadesborough during the years 1864 and 1865 with which to pay the matured coupons, and has had no funds whatever in said bank since that time. That the Bank of Wadesborough has not been since the 1st day of January, 1865, a bank of discount and deposit, but has had a place of business in the town of Wadesborough ever since 1865 for the purpose of settling the affairs of the said bank.
That actual demand for payment of said coupons was made on the 15th day of February, 1872, at the Bank of Wadesborough and (40) upon the Board of County Commissioners; that the Board refused to pay said coupons unless the plaintiff would remit the interest claimed thereon, and that plaintiff was informed by the officer in charge of the bank that there were no funds deposited there for the payment of said coupons. At this time and the time of the demand on the Commissioners, the plaintiff had the coupons with him. The coupons were so mutilated and defaced that they could not be presented for payment before their re-issue on the 2d day of October, 1871, and none of those sued upon were ever presented or delivered for payment at the Bank of Wadesborough until the 5th day of February, 1872, nor was any demand for the payment of the same ever made at the bank or of the Commissioners until that date.
The issues arising from these facts and the pleadings are:
1. Do the coupons for which this suit is brought bear interest? If so, from what date?
2. Is the plaintiff entitled to a writ of mandamus, either alternative or peremptory, to the Board of County Commissioners, as applied for by plaintiff? Or is mandamus an original action, to be applied for and prosecuted as a distinct civil action under the act of 1871 and 1872?
His Honor was of opinion:
1. That the county authorities ought to have had the money and kept it when the coupons were payable, so that it might have been received at any time after maturity. As they never had the money there at all, and have had the use of what belonged to the holder of the coupons ever since maturity, his Honor was of opinion that the Commissioners ought to pay interest from the maturity of the coupons, the interest on the coupons being at the rate of six per cent. and not seven per cent., the rate on the bond. Interest is allowed on the coupons by implication of law, and is at the legal rate. Interest on the bond is stipulated to be at the rate of seven per cent.
2. As to the second issue, his Honor was of opinion that as this action is upon a money demand against a municipal corporation, (41) and as a mandamus is asked for in the complaint as part of the *Page 45 
remedy, and is in fact the only mode to enforce the judgment in the case, the plaintiff is entitled to a mandamus to enable him to realize the sum adjudged to be due him.
It was therefore adjudged that the plaintiff recover of the defendant the sum of five thousand six hundred dollars, with interest at six per cent., on $630 from 1st January, 1864; on $910 from 1st January, 1865; on $980 from 1st January, 1867; on $980 from 1st January, 1868; on $1,050 from 1st January, 1869; and on $1,050 from 1st January, 1870, with costs of suit, etc.
It was further adjudged by the Court that a writ of mandamus issue to the defendants under the seal of the Court, returnable to the next term, commanding them to proceed to provide the means to pay the sum herein adjudged to be due from them to the plaintiff, by laying the proper tax sufficient for that purpose, and that they pay said debt and also the costs of this action and make due return to the next term of this Court.
From this judgment the defendants appealed.
The first question is: "Do the coupons on which the suit is brought bear interest? If so, from what date?" They do bear interest from the date of their maturity. 7 Wallace, 82.
This would not have been controverted, probably, in view of the case in Wallace, if it were not that we have decided that a demand is necessary before action brought against a Board of County Commissioners.67 N.C. p. 330. Alexander v. Commissioners. And as demand was not made until 1872, although the coupons had matured several years before, it is insisted by defendant that they bear interest only from the demand in 1872. But that does not follow. The rightof action may not accrue until after demand or until after (42) a given time; while the cause of action may have existed long before. A note payabe [payable] twelve months after date with interest from the date would be an instance of this. We require a demand before suit against County Commissioners in cases where it would not be required against individuals, for the reasons stated in Alexander v. Commissioners,supra, not to fix the amount of the liability, or the liability itself on any of its incidents; but simply to give notice of the liability, and anopportunity to pay without suit.
The second question is, whether mandamus is the proper remedy to enforce the judgment; or whether after judgment another action must not be brought to obtain the writ? *Page 46 
 Cui bono, another action? It is true that a mandamus issues only when the amount is ascertained; but here it is ascertained when the judgment is rendered, and the complaint demands both the judgment and the writ ofmandamus. This, therefore, is a civil action for a mandamus as much as it is a civil action for a money demand. Uzzle v. Commissioners,70 N.C. p. 564.
We agree with his Honor also as to the rate of interest, six per cent. and as to the terms of the mandamus, directing the defendants to provide the means to satisfy the recovery by the levy of taxes or other efficient mode, and to pay and satisfy the recovery, and make return to the next term of this Court.
There is no error. Judgment here for plaintiff, and a writ of mandamus
in accordance with this opinion.
PER CURIAM. Judgment below affirmed.
Cited: Hawley v. Comrs., 82 N.C. 24; Fry v. Comrs., 82 N.C. 305; Bankv. Harris, 84 N.C. 210; Leach v. Comrs., 84 N.C. 831; Self v. Shugart,135 N.C. 195; Oldham v. Riegar, 145 N.C. 257; Silk co. v. Spinning co.,154 N.C. 425; Eddleman v. Lentz, 158 N.C. 70; Grocery co. v. Banks,185 N.C. 152; Dillard v. Walker, 204 N.C. 70.
(43)