## DANIEL FRY v. COMMISSIONERS OF MONTGOMERY COUNTY.

*Mandamus—Debt against County—Practice.*

A creditor of a county having reduced his debt to judgment is entitled to a *mandamus* in the nature of an execution to compel payment. The practice is to issue an alternative then a peremptory writ, and if good cause be not shown for failure to obey, then (as here) an *alias* peremptory writ may issue, or an order of attachment if applied for.

*McLendon* v. *Com'rs*, 71 N. C., 38 ; *Lutterloh* v. *Com'rs*, 65 N. C., 403 ; *Tucker* v. *Raleigh*, 75 N. C., 272, cited and approved )

MOTION for an *Alias Mandamus* heard at Fall Term, 1879,. of MONTGOMERY Super.or Court, before *Buxton, J.*

After due notice given by the plaintiff of a motion to renew an order for a writ of *mandamus* to be issued to defendant commissioners, His Honor made the following order: It appearing from an inspection of the record in this case that plaintiff recovered judgment against defendants at fall term, 1875, for four hundred and fifteen dollars. and ninety-seven cents, and obtained a writ of *mandamus* at spring term 1876, commanding defendants to levy and cause to be collected according to law a tax sufficient to pay said judgment and costs, and apply the same as speedily as practicable in satisfaction thereof, and to report to this court their compliance with this order; and it further appearing that defendants have disregarded said order, and that said judgment still remains unpaid: It is therefore ordered by the court that an *alias mandamus* issue to defendants returnable to the next term, again commanding them to perform the order heretofore made in this case—requiring them to provide the means and apply the same to the payment of the plaintiff's debt and costs, and to certify their obedience to this order at the next term of this court. Defendants appealed.

*Messrs. Hinsdale & Devereux,* and *Neill McKay,* for plaintiff.. *Messrs. M. S. Robbins* and *J. T. Crocker,* for defendants.

DILLARD, J. It is settled by the decisions of this court: that a party may sue to recover a debt due from a county,. and in the same action may demand a *mandamus* for its payment. *McLendon* v. *Com'rs of Anson,* 71 N. C., 38; *Lutterloh.* v. *Com'rs of Cumberland,* 65 N. C., 403. The *mandamus* issued. on the establishment of a debt by judgment is usually an. alternative *mandamus* and on insufficient cause shown for

non-compliance therewith the course is to issue a peremptory *mandamus.*  *Tucker* v. *City of Raleigh,* 75 N. C., 272.

In this case the plaintiff proceeded in accordance with the law as established in this state. He brought his action to fall term, 1875, for judgment on a money demand, and also for *mandamus.* At the return term, the defendants failing to appear and answer, judgment by default according to the course and practice of the court was entered, and a writ of *mandamus* ordered to issue at the expiration of six months, commanding the defendants at the proper time to raise by taxation the means and apply the same to the satisfaction of plaintiff's debt, and to make return to court of their action under the writ. The writ was issued as ordered and the debt not being paid, and no return made by defendants according to the command of the writ, the plaintiff on the 12th of February, 1878, notified defendants to appear in court at spring term next after, and show cause, if any they had, against the issue of a peremptory writ of *mandamus.* The motion was continued from term to term until fall term, 1879, when defendants showed for cause, that they had exhausted all the funds, they were authorized annually to collect, in payment of the current expenses of the county, and also the special taxes levied under chapter 128 of the acts of 1874–'75, for the special purposes mentioned in said act.

His Honor, on the answer of the defendants, ordered in pursuance of the terms of plaintiff's notice an *alias* peremptory writ of *mandamus* to issue, commanding the defendants to provide the means by taxation and satisfy the plaintiff's debt, and to certify their obedience to the court as required in the first writ that was issued, and in the order of the *alias* writ, it is claimed there is error.

Unquestionably a creditor of a county having an action to reduce his debt to judgment, is entitled to some means to enforce payment. He cannot have a *fi. fa.* effectual as

on a judgment against a natural person, and in such case the writ of *mandamus* in the nature of an execution is the only means by which to have any fruit of his recovery. On the rendition of judgment the creditor generally has an alternative *mandamus* to which a return is to be made, and if good cause be not shown for failing to do the thing required, then a peremptory *mandamus* issues. And if a peremptory writ issue and the return thereto do not set forth obedience or a good legal excuse therefor, it is the creditor's right to move for compulsory obedience by process of attachment.

In this case the first writ issued was in form peremptory, but the creditor treated it as an alternative writ in the form of his notice calling on defendants to show cause against the issue of a peremptory one, and so was it regarded by His Honor; and thus defendants had the same opportunity of defence against the issuing of the last writ, as if the first one had been technically an alternative *mandamus*.

This writ, we have said, is in the nature of an execution, by means of which payment is to be had. It is for the creditor's benefit and may be issued or not, as he may ask. The creditor may enforce a return to the writ or not, and may waive or insist on process of attachment for disobedience. The court will not be actor and *ex mero motu* compel the earliest possible raising of the money in the case of an individual creditor, but will apply the law and award whatsoever process the law allows, if moved so to do by the party to be benefited.

No good reason appears to us why the plaintiff, even if the first writ were a peremptory *mandamus*, might not waive application for process of attachment on the coming in of the return thereto, and have an *alias* peremptory writ, thus giving defendants another opportunity to obey the command of the law.

Upon the question of the sufficiency of the cause shown

by defendants in answer to plaintiff's notice for the writ to authorize process of attachment, it is not necessary to express any opinion, as the creditor did not ask for, nor did His Honor pass upon his right to have such process.

The complaint made of His Honor's order for a peremptory *mandamus* on the motion of plaintiff, instead of proceeding of his own motion as for a contempt by attachment, seems to us most unreasonable. The writ as issued was an indulgence to defendants, and gave further day of obedience, and it seems singular that defendants or any debtor should complain of not being forced to pay a debt as quickly as strict law might permit.

We think there was no error in ordering the *alias peremptory mandamus* as moved for by plaintiff and the judgment below is affirmed. Let this be certified.

No error.                                        Affirmed.