ISAAC B. HAWLEY, Trustee v. THE MAYOR AND COMMIS-
SIONERS OF FAYETTEVILLE.

*Demand of Payment—Parties.*

1. The presentation of a claim against a municipal corporation to its offi-
cers and fiscal agents is, substantially, a demand upon them to do what
they rightfully can to provide the means of payment.

2. It is not the duty of a creditor of such a corporation to ask that a tax
be levied to satisfy his claim. Payment of what is due him is all that
he can properly ask.

3. Under the act of 1879, ch. 66, § 2, the finance committee of the town
of Fayetteville is not a necessary party to a suit against such corpora-
tion on bonds of its issue.

(*Gooch* v. *Gregory*, 65 N. C., 142; *Lutterloh* v. *Com'rs of Cumberland, Ib.*,
403; *Alexander* v. *Com'rs of McDowell*, 67 N. C., 330; *McLendon* v.
*Com'rs of Anson*, 71 N. C., 38, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1879, of CUMBERLAND
Superior Court, before *Seymour, J.*

This action was brought to recover the amount of certain
bonds issued by the defendant corporation. Judgment was
rendered in favor of the plaintiff, and a writ of *mandamus*
ordered to issue commanding defendants to levy a sufficient
tax at the time allowed by law for the purpose of paying
the debt, and the defendants appealed. The exceptions are
embodied in the opinion.

*Messrs. B. Fuller* and *W. W. Fuller*, for plaintiff:

As to the demand, see *Alexander* v. *Com'rs*, 67 N. C., 330;
*McLendon* v. *Com'rs*, 71 N. C., 38; *Wharton* v. *Com'rs*, at this
term. As to objection that bonds should have been pre-
sented to the commissioners for auditing, *Walker* v. *White-
head*, 16 Wall, 314; *White* v. *Hart*, 13 Wall., 646; 8 Wheat.,
76. Finance committee not a necessary party. The *levying*

of taxes need not be sanctioned by such committee.  *Wein-stein* v. *Com'rs*, 71 N. C., 535.

*Mr. N. W. Ray*, for defendants:

The manner of proceeding in the collection of debts against a municipal corporation is plainly laid down in *Jones* v. *Com'rs*, 73 N. C., 182, and cases there cited.   There must be a demand of the board that they audit the claim, then upon treasurer for payment.   No such demand made in our case. Finance committee a necessary party.   Act 1879, ch. 66, p. 674.

SMITH, C. J.   The plaintiff holds four bonds executed by the defendant corporation, on the 25th day of February, 1856, and maturing at twenty years, each in the sum of five hundred dollars with eight unpaid coupons belonging thereto, of fifteen dollars each, for semi-annual interest, and seeks in this action to recover judgment thereon and enforce payment by the levy of a sufficient tax for that purpose.   After the maturity of the bonds, they were presented and payment demanded both of the treasurer of the town and of the mayor and commissioners, and upon their refusal the suit was instituted.   The defendant resists the recovery upon several grounds:

1. It is not averred in the complaint, nor shown at the trial, that the claims were presented to the mayor as directed by the act of March 22d, 1875, and the auditing thereof refused.

It is only necessary to say in answer to this objection that the presentation of the bonds and coupons both to the debtor corporation and the treasurer, was in legal effect a demand of what either could rightfully do in providing the means of payment, and was a substantial compliance with the law. The act requires claims already due to be presented before the first day of January, 1877, and those which are not due,

within two years after maturity, or they "shall be forever barred from recovery," and the present action instituted on the 10th of May, 1876, is entirely outside of its penal operation.

2. The second objection is, that there was no express requirement of the debtor to levy the tax. The objection is without force. Payment of what was due him was all the creditor could properly ask, and in case of default, the writ of *mandamus* is his appropriate and only remedy. *Gooch* v. *Gregory*, 65 N. C., 142; *Lutterloh* v. *Com'rs of Cumberland*, *Ibid.*, 403; *Alexander* v. *Com'rs of McDowell*, 67 N. C., 330; *McLendon* v. *Com'rs of Anson*, 71 N. C., 38.

3. The last objection is, that the finance committee are a necessary party in order to the plaintiff's relief, inasmuch as under the act of March 10th, 1879, amending the charter of the town, their concurrence is required in any taxation imposed by the corporate authorities. Acts 1879, ch. 66, § 2.

The right to levy taxes resides in the defendant, the mayor and commissioners only, although any measure of assessment adopted must be sanctioned and approved by this committee before it can be enforced. The mandate should, therefore, be directed to the defendant and be executed independently of the restriction upon its former powers, if necessary to meet the debt. It must be, moreover, assumed that the committee will not withhold its assent to any just and reasonable scheme of taxation to discharge a public obligation, prepared in compliance with a judicial order. The defendant must obey the command and exercise the authority conferred by law upon it, and hence is the proper party to whom the writ should be addressed.

No error.                                        Affirmed.