In *Leach* v. *Commissioners of Fayetteville*, from Cumberland.

SMITH, C. J. The action is to recover the amount due on three bonds issued by the municipal authorities of the town of Fayetteville in payment for stock subscribed in the Western railroad company, and to compel their payment by the levy of the necessary tax. Demand was made upon

the treasurer of the town just previous to the institution of the suit. The defences set up are:

1. That no sufficient demand was made before the action.

2. That the omission to present the bonds within two years after their maturity to the chief officer of the town, as required by the act of March 22nd, 1875, ch. 243, is a bar to the recovery.

3. That the finance committee, without whose approval under the act of March 10th, 1879, no tax can be levied, are a necessary party to the action. These objections will be considered in their proper order.

I. The plaintiff alleges and proves that he made a demand of payment on the treasurer of the town, the official custodian of its funds, and this was sufficient to put the defendant in fault. "If the plaintiff had alleged in his complaint," says BYNUM, J., "that he had presented his claim to the board of commissioners to be audited and allowed, and that they had refused to act, or had disallowed it, he would have had a cause of action ; or had he alleged that he presented to the treasurer a claim so allowed and that he had refused payment, he would have had a cause of action." *Jones* v. *Commissioners of Bladen*, 73 N. C., 182. The same rule applies with equal force to the relation of the defendant with their treasurer, and a valid county or town obligation to pay a definite sum at a fixed period on presentation, imposes the duty of providing the means and placing them with the treasurer to meet the obligation when it arises. While a municipal bond transferable by delivery should be presented by the holder (or notice given to the corporate body in order that the owner may be known) to whom payment is to be made, the failure to provide the funds to discharge it at maturity when demand is made, constitutes a cause of action. While unadjusted claims are required to be audited and ordered to be paid, absolute and unconditional obligations already ascertained and audited are in

themselves and upon their face an order and authority in the financial officer, possessing the means not otherwise appropriated, to pay on presentation. The record of the action of the corporate authorities produced in evidence shows that they were fully cognizant of the existence and amount of this outstanding indebtedness, inasmuch as in a preamble to a resolution adopted by them on January 5th, 1876, but a few days after it matured, it is declared, "whereas the *bonded railroad debt of the town* ($97,000) *is now due and parties holding said bonds are demanding payment of same,* therefore, resolved, &c." The committee appointed under the resolution then adopted recommended the retirement of the bonds by the issue of others on time and the levy of a tax adequate to meet the obligations to be incurred. This distinct recognition of the debt, and the uncontradicted averments in the complaint that the coupons for interest had been paid, and that the treasurer when required to pay the principal refused only because of the want of means to discharge the debt, in connection with the absence of any book of registry of municipal claims, clearly, in our opinion, dispense with a further demand precedent to the suit.

II. For the same reasons the act of March 22nd, 1875, is unavailing as a bar to the action as is decided in *Wharton* v. *Commissioners of Currituck,* 82 N. C., 11.

III. The last objection predicated upon the required concurrence of the finance committee to any tax levy under the act of March 10th, 1879, has been expressly declared to be invalid for the reasons fully set out in the case of *Hawley* v. *Commissioners of Fayetteville,* 82 N. C., 22. A *mandamus* is the appropriate remedy to enforce payment of the demand against a municipal body when only resources to meet its obligations are to be found in the exercise of the taxing power conferred. *McLendon* v. *Commissioners of Anson,* 71 N. C., 38. *Fry* v. *Commissioners of Montgomery,* 82 N. C., 304.

There is no error. This will be certified for further proceedings in the court below.

No error.                                                Affirmed.