W. K. ALLEN ET AL. v. COMMISSIONERS OF MUDDY CREEK DRAINAGE DISTRICT.

(Filed 13 March, 1918.)

1. Drainage Districts—Necessary Expenses—Judgments—Mandamus—Assessments.

A judgment against a drainage district for necessary service rendered by the drainage engineers in its formation and given after the completion of its organization is enforcible by mandamus to compel the levy of an assessment upon the lands in the district for that purpose, irrespective of whether the commissioners have directed an issuance of bonds for the expenses of the districts.

2. Drainage Districts—Summons—Pleadings—Admissions—Judgments—Estoppel.

Summons issued against the individual commissioners of a drainage district and "the board of drainage commissioners," with allegation that it is "a corporation duly created, organized, and existing under and by virtue of the drainage laws of the State of North Carolina," is an action against such district; and where this allegation is admitted and judgment rendered against it, the corporation is estopped, in proceedings for mandamus to enforce the judgment, to set up any defense which might have been raised in the former action.

APPEAL by defendants from *Stacy, J.,* at January Term, 1918, of DUPLIN.

This was an action by the plaintiffs, drainage engineers, who performed services and incurred necessary expenses for the defendant corporation both before and after its organization. These services were necessary to the establishment of said district before the prayer of the landowners could be granted by the court creating the district. The plaintiffs have obtained judgment for. the sums due them, but the corporation commissioners and the owners of the land in said district have failed and refused to pay such judgment.

This proceeding is for a mandamus to compel the drainage commissioners to levy an assessment upon the lands in said district for that purpose. The court signed judgment of mandamus and the defendants .appealed.

*Stevens & Beasley and C. D. Weeks for plaintiffs.*
*E. K. Bryan for defendants.*

CLARK, C. J.   The court properly directed a mandamus to issue to
the drainage commissioners to levy an assessment upon the lands in said
district to pay off the judgment due the plaintiffs.   The judgment hav-
ing been rendered against the commissioners of said drainage district,
it is not an open question that it is an obligation of said district and
the proper method is to compel the levy of an assessment to pay off the ·
judgment.

Had these expenses been incurred for the formation of a district,
whose organization was not completed, it may be that the plaintiffs
would have been restricted to the petitioners at whose instance they had
done the work.   But in this case the proceeding eventuated in the organ-
ization of the corporation and, further, there has been a judgment ren-
dered against said corporation for the indebtedness.   The defendants
put up the defense that they have not directed the issuance of bonds
whereby money can be raised for such purpose.   It is not necessary
that such bonds should be issued.   That is a matter for the corporation,
but if it does not choose to issue the bonds, it is open to the plaintiffs to
proceed to have an assessment ordered upon the lands in said district
to raise a fund for the payment of this judgment.

The corporation was a party defendant to the judgment and also to
this proceeding.   The summons is against G. B. D. Parker, N. H. Wil-
liams, and O. W. Quinn, and the Board of Drainage Commissioners of
Muddy Creek Drainage District.   Paragraph 2 of the complaint avers
that the "Board of Drainage Commissioners of Muddy Creek Drainage
District is a corporation duly created, organized, and existing under
and by virtue of the Drainage Law of the State of North Carolina, and
that G. B. D. Parker, N. H. Williams, and O. W. Quinn are the duly
elected and appointed drainage commissioners of said drainage district."
This allegation is made and admitted in the answer to the action in
which the judgment was obtained and also in this proceeding for a
mandamus.   The corporation is a defendant.   *Jones v. Comrs.*, 85 N. C.,
278.

The court found the facts and properly held that the defendants are
estopped in this proceeding to set up any defense which might have been
raised in the action in which judgment on the indebtedness was ren-
dered, and that the lands in said district are subject to an assessment for
the payment of said indebtedness and ordered that the drainage com-
missioners should levy and cause to be collected a sufficient assessment
upon the lands within the bounds of said district for the payment of
the judgment.

Affirmed.