[Civ. No. 4902.  First Appellate District, Division Two.—March 19, 1924.]

COMMERCIAL AND SAVINGS BANK (a Corporation), Petitioner, v. A. D. EWING, Treasurer, etc., Respondent. .

[1] MUNICIPAL CORPORATIONS — BONDS — PAYMENT — SUBMISSION TO AUDIT.—Bonds which are legal and outstanding obligations against a city are liquidated claims which must be paid upon presentation; and when they provide for payment upon presentation alone, the city may not require the holder thereof to submit his bond to an audit before payment or to accept a warrant upon the treasury upon transfer of his bond in lieu of the legal tender which the city contracted to pay for the bond upon delivery.

[2] ID. — FRESNO CHARTER — PAYMENT OF CLAIMS.—The provisions of section 58 of the charter of the city of Fresno, relating to the payment of claims by warrants issued by the commissioner of finance, refer to unliquidated claims and demands which require the approval of an auditing body before presentation to the treasurer for payment; and such provisions do not affect the duty of the city treasurer to cancel and pay on presentation to him a bond of that city issued pursuant to the terms of a certain ordinance, which provided for payment upon presentation.

---

(1) 28 Cyc., p. 1644.   (2) 28 Cyc., p. 1644.

PROCEEDING in Mandamus to compel the cancellation and payment of a municipal bond.   Peremptory writ issued.

---

1.  See 18 Cal. Jur. 1107; 19 R. C. L. 1042.

The facts are stated in the opinion of the court.

Gallaher, Simpson & Hays for Petitioner.

Everts, Ewing, Wild & Everts for Respondent.

NOURSE, J.—This is an original proceeding in *mandamus* to require the respondent, as treasurer of the city of Fresno, to cancel and pay on presentation to him a municipal bond issued by the city under proceedings duly had therefor for the construction of a municipal improvement described as a playground pavilion. The respondent has appeared by demurrer and rests upon the ground that the petition fails to state a cause of action. There is no dispute as to the facts. It is conceded that the bond was duly issued by the municipality and that it is now an outstanding obligation and that payment is due. The point of difference between the parties is that the respondent insists that he is not authorized by the municipal charter to pay the bond upon presentation but that it is necessary for the holder thereof to present it to the commissioner of finance for his audit and that the commissioner must thereupon draw his warrant upon the treasurer in favor of the holder and that such warrant alone can be paid by the treasurer. On the other hand, the petitioner insists that the provisions of the charter on which respondent relies relate only to unliquidated claims against the city and do not relate to bonds of this character.

On behalf of the petitioner it is suggested that the bond was issued under an ordinance of the muncipality enacted in 1912, which provided a sinking fund to be kept by the treasurer of the city for the payment of principal and interest upon the bonds authorized by the ordinance and that "when the respective payments of principal and interest shall fall due the said treasurer of the city of Fresno be and he hereby is authorized, directed and required to pay out of the said moneys of said sinking fund the said respective amounts thereof when demand shall be made therefor as by law required, and upon the surrender of the corresponding bonds and coupons to said treasurer." The bond in suit was sold under the terms of this ordinance and dated August 15, 1912.

The sections of the charter upon which the respondent relies were finally adopted in 1921. In general they provide that the commissioner of finance shall have the custody and control over the disbursements of city funds. The section upon which special reliance is placed is section 58, entitled "Payment of Claims." It reads in part as follows: "Payment by the city shall be made only upon vouchers certified by the commissioner of the appropriate department, . . . and by means of warrants on the city treasury, issued by the commissioner of finance. The commissioner of finance shall examine all pay-rolls, bills and other claims and demands against the city; and shall issue no warrants for payment unless he finds that the claim is in proper form, correctly computed and duly certified that it is justly and legally due and payable. . . . He may require any claimant to make oath to the validity of a claim. He may investigate any claim and for such purposes may examine witnesses under oath. . . . "

An examination of this section satisfies us that it relates to the payment of unliquidated claims against the city. It will be noted that it requires the voucher and certificate of the department under which the claim arises. It also authorizes the commissioner of finance to put the claimant upon his oath and to examine witnesses in aid of his investigation of the propriety of the claim.

[1] Bonds which are legal and outstanding obligations against a city are liquidated claims which must be paid upon presentation. They are contracts with the city and when they provide for payment upon presentation alone, the city may not require the holder thereof to submit his bond to an audit before payment or to accept a warrant upon the treasury upon transfer of his bond in lieu of the legal tender which the city contracted to pay for the bond upon delivery.

In a similar case the supreme court of the United States held that a statute requiring the submission of claims to the county auditor for allowance and approval did not apply to municipal bonds and interest coupons thereof, saying: "This question was presented in the case of *County of Green* v. *Daniel,* 102 U. S. 187, 194 [26 L. Ed. 99, see, also, Rose's U. S. Notes], in which the court observed, speaking of bonds and coupons, that 'the claim was, to all intents

and purposes, audited by the court when the bonds were issued. The validity and amount of the liability were then definitely fixed, and warrants on the treasury given, payable at a future day.' " (*Lincoln County* v. *Luning,* 133 U. S. 529, 532 [33 L. Ed. 766, 10 Sup. Ct. Rep. 363, 364, see, also, Rose's U. S. Notes].) To the same effect is *Leach* v. *Commissioners of Fayetteville,* 84 N. C. 829, 830, where the court say: "While unadjusted claims are required to be audited and ordered to be paid, absolute and unconditional obligations already ascertained and audited are in themselves and upon their face an order and authority in the financial officer, possessing the means not otherwise appropriated, to pay on presentation."

The duty of the treasurer to pay the bond from the sinking fund upon presentation to him is fixed by the ordinance under which it was issued. **[2]** The charter provisions to which our attention has been directed do not pretend to supplant these provisions of the ordinance. They do not in terms refer to the payment of the principal or interest upon municipal bonds. They cover the subject of the payment of claims and demands against the city in terms which in general usage refer to unliquidated claims and demands which require the approval of an auditing body before presentation to the treasurer for payment. We are satisfied that the provisions of the charter do not affect the duty of the treasurer as outlined by the ordinance under consideration.

Let a peremptory writ issue as prayed.

Sturtevant, J., and Langdon, J., concurred.