DEAN HAMMOND, IN BEHALF OF HIMSELF AND OTHER PERSONS REFERRED TO IN THE COMPLAINT, v. CITY OF CHARLOTTE, A MUNICIPAL CORPORATION, AND A. M. ELLIOTT, IN BEHALF OF HIMSELF AND THE OTHER PERSONS REFERRED TO IN THE COMPLAINT, v. CITY OF CHARLOTTE, A MUNICIPAL CORPORATION, AND A. G. BROWN, IN BEHALF OF HIMSELF AND THE OTHER PERSONS REFERRED TO IN THE COMPLAINT, v. CITY OF CHARLOTTE, A MUNICIPAL CORPORATION.

(Filed 20 June, 1934.)

1. **Taxation A a—Held: city could borrow money to pay judgments for teachers' salaries in anticipation of collection of taxes levied therefor.**

A city, under Legislative authority, voted to establish and maintain by taxation a system of public schools in the city. A number of years after the city school system had been in operation the city failed to pay in full the salaries due teachers, janitors and others employed in the city schools, and the teachers and other employees obtained valid judgments against the city for the amounts due them on salaries for the year in question. The city had validly levied for that purpose taxes sufficient to pay the salaries in full, and it admitted sufficient sums were collectible and would be collected from the levy to pay the salaries, but contended

that it was without power to borrow money to pay the judgments for the salaries on the ground that such payment was not for a necessary purpose. Const., Art. VII, sec. 7. *Held*, the levy of the taxes had been approved by the qualified voters of the city, and the city had the authority to borrow money to pay the judgments in anticipation of the collection of the taxes validity levied for that purpose, N. C. Code, 2933.

2. **Mandamus A b—Held: plaintiffs had present, clear, legal right to compel performance by city of legal duty, and mandamus was proper.**

*Held*, mandamus will lie in a suit by teachers and others employed in the city school system to compel a city to borrow money to pay valid subsisting judgments obtained by plaintiffs for their salaries, it being admitted that the city had sufficient credit to borrow the sums necessary, and that sufficient sums were collectible and would be collected from the taxes levied for that purpose, and it being determined as a matter of law that the city had authority to borrow sums for the purpose of paying the judgments.

APPEAL by defendant from *Sink, J.,* at 16 April Special Term, 1934, of MECKLENBURG. Affirmed.

The judgment and writ of mandamus in the court below is as follows: "These causes coming on to be heard before his Honor, H. Hoyle Sink, judge presiding at the 16 April, 1934, Special Term of Mecklenburg Superior Court, upon the petitions in said causes for a writ of mandamus, and the three causes above named having been consolidated for the purpose of this hearing by consent; and the defendant, pursuant to order dated 16 April, 1934, signed by the court in each of the above entitled cases, having produced a statement of uncollected school taxes, and the court having heard said consolidated causes upon the petitions therein for a mandamus; and it being admitted by all parties that the judgments referred to in the complaints in the first two sections above entitled were rendered upon obligations of the defendant for parts of the salaries of the plaintiffs in said actions as school teachers in the public schools of the city of Charlotte for the school year 1932-1933; and that the judgment referred to in the complaint in the action of A. G. Brown *et al.,* against the city of Charlotte, was rendered upon obligations of the defendant for salaries of the plaintiffs in said action as janitors and maids employed in the operation of the said schools for said term; and that said public schools were operated during said term under charter provisions of the city of Charlotte duly adopted by a vote of the people providing for the establishment and maintenance by taxation in said city of said schools; and it is further admitted, pursuant to said charter provisions, and within the limits adopted by a vote of the people, taxes have already been levied in sufficient amount to pay said obligations upon which said three judgments were rendered; and it further appearing to the court from the statement produced in

court by the defendant that the defendant admits that, after making allowance for all uncollectible taxes, there remain uncollected school taxes which are collectible levied under said charter provisions adopted by a vote of the people sufficient to pay the said three judgments; and it further appearing to the court that the defendant, upon admissions made in open court, has credit available to enable it to pay said judgments, and is willing to avail itself of said credit for said purpose, provided it is legally authorized to borrow money to pay said judgments, but that the defendant declines to pay said judgments solely upon the grounds that said judgments are not for necessary expenses of the defendant, and that the defendant has no legal authority to borrow money with which to pay said judgments.

"The court thereupon makes the following findings of fact: (1) That the plaintiffs in the case of Dean Hammond *et al. v.* City of Charlotte, have a valid judgment against the defendant in the sum of $35,032.25, docketed in Judgment Book 4, No. 1514, in the office of the clerk of the Superior Court of Mecklenburg County, and that said judgment bears interest from the date it was docketed, and that said judgment remains unpaid. That said judgment was obtained upon obligations of the defendant for salaries of the plaintiffs in said suit as teachers in the public schools of the city of Charlotte for the school year 1932-1933. (2) That the plaintiffs in the case of A. M. Elliott *et al. v.* City of Charlotte, have a valid judgment against the defendant in the sum of $51,881.77, docketed in Judgment Book 4, No. 1462, in the office of the clerk of the Superior Court of Mecklenburg County, and that said judgment bears interest from the date it was docketed, and that said judgment remains unpaid. That said judgment was obtained upon obligations of the defendant for salaries of the plaintiffs in said action as superintendents, business manager, members of the medical staff, supervisors, teachers and principals employed in the city schools of the city of Charlotte for the school year 1932-1933. (3) That the plaintiffs in the suit of A. G. Brown *et al. v.* City of Charlotte, have a valid judgment against the defendant, in the sum of $3,188.86, docketed in Judgment Book 4, No. 1464, in the office of the clerk of the Superior Court of Mecklenburg County, and that said judgment bears interest from the date it was docketed, and that said judgment remains unpaid. That said judgment was obtained upon obligations of the defendant for salaries of the plaintiffs in said action as janitors, firemen and maids employed in the schools of the city of Charlotte for the school year 1932-1933. (4) That sufficient taxes which are collectible, have already been levied to pay all of said judgments, and that said taxes were authorized by vote of the people of the defendant city, and that the schools of the city of Charlotte, at the time the plaintiffs in each

of said actions were employed, and at the time they rendered their services, were maintained, and the plaintiffs were employed therein, in the capacities hereinbefore mentioned under charter provisions adopted by a vote of the people. (5) That the defendant, city of Charlotte, upon its admission in open court, has credit available to enable it to pay said judgments, and is willing to avail itself of said credit for said purpose, provided it is legally authorized to borrow money to pay said judgments but declines to pay said judgments solely upon the grounds that said judgments are not for necessary expenses of the defendant, and that the defendant has no legal authority to borrow money with which to pay said judgments. (6) The court further finds, both as a matter of fact and of law, that, under the conditions existing at the time the plaintiffs were employed and performed the services upon which said judgments were obtained, the expense of their employment constituted a necessary expense of the city of Charlotte.

"Upon the facts hereinbefore set out, and the additional facts alleged in the complaints, and admitted in the answers, as appears of record, the court is of the opinion that the defendant, the city of Charlotte, has authority, under section 2933 of the Consolidated Statutes, to pledge its general credit and to borrow money for the purpose of paying said judgments, and that it has such power whether the obligations upon which said judgments rest were incurred for necessary expenses or not, but that the fact that they were incurred for a necessary expense is, in the opinion of the court, an additional ground, and the court is further of the opinion that the plaintiffs are entitled to a writ of mandamus directing the payment of said judgments. It is thereupon considered and adjudged as follows: (1) That the city of Charlotte has the power to borrow money and to pledge its general credit for the purpose of paying the judgments hereinbefore referred to. (2) That the said city of Charlotte, a municipal corporation, is hereby ordered and directed to pay promptly the judgments referred to in the complaints, and hereinbefore referred to, together with the interest thereon. (3) That the defendant pay the costs of the actions to be taxed by the clerk.

H. HOYLE SINK, *Judge Presiding.*"

To the finding of the court that the defendant has legal authority and power to borrow money with which to pay the judgments against it, the defendant, in apt time, and to the signing of the judgment and writ of mandamus, the defendant in apt time, excepted, assigned errors and appealed to the Supreme Court.

*John M. Robinson and Hunter M. Jones for plaintiff.*
*Bridges & Orr for defendant.*

CLARKSON, J. In the case of *Hammond v. City of Charlotte,* the plaintiff recovered judgment against the city of Charlotte for $35,032.25. In the *Elliott case,* for $51,881.77; in the *Brown case* for $3,188.86, a total recovery of $90,102.88. In the *Hammond case, supra,* 205 N. C., 469, the defendant city of Charlotte appealed to this Court, we affirmed the judgment appealed from, as a valid and binding obligation of the city of Charlotte. The plaintiffs were employed by the school commissioners as principals, teachers and in other capacities for the year 1932-1933, in conformance with the school law. The plaintiffs have performed their duty and rendered the services required of them. The city of Charlotte levied a school tax of 25.75 cents on the 100 dollars of property to pay the plaintiffs. The defendant contends that it cannot contract any debt, pledge its faith or lend its credit or pay from its general funds, school teachers' and other employees' salaries, although reduced to judgment, and taxes lawfully levied therefor have not been fully collected, but are ample in amount to pay the same when collected. On the facts and circumstances of this case, we cannot so hold. Under legislative authority submitting the question to a vote of the people on the first Monday in June, 1880, a majority of the qualified voters of the city of Charlotte, 816 voters—all with a single exception—voted in favor of the measure to establish and maintain by taxation a system of graded schools in the city of Charlotte. In the case of *Norment v. Charlotte,* 85 N. C., 387, this action of the voters was sustained. Norment brought an injunctive proceeding to restrain the collection of the tax which this Court denied. The school commissioners met and organized 16 January, 1882, and the graded schools of the city of Charlotte were opened. On 2 January, 1893, the qualified voters of the city of Charlotte voted an increase of school tax 20 cents on the hundred dollars on property and 60 cents on poll.

Under the Code of the city of Charlotte (1931), "Public Schools," sec. 91, is the following: "That the city council of the city of Charlotte shall levy an annual tax for the support and maintenance of said system of public schools in the city of Charlotte, which annual tax shall not exceed thirty cents on the hundred dollars valuation of property and ninety cents on the poll."

The defendant admitted: "It is true that under section 206, chapter 342, Private Laws of 1907, the defendant had the power as follows: 'That the board of aldermen of the city of Charlotte shall levy an annual tax for the support and maintenance of said system of public schools in the city of Charlotte, which annual tax shall not exceed thirty cents on the one hundred dollars valuation of property and ninety cents on the poll.'

This authority was also given by a vote of the qualified voters under Private Laws (Extra Session) of 1913. The defendant relies on Article VII, section 7, of the Constitution, which provides as follows: "7. *No debt or loan except by a majority of voters.*—No county, city, town, or other municipal corporation shall contract any debt, pledge its faith or loan its credit nor shall any tax be levied or collected by any officers of the same except for the necessary expenses thereof, unless by a vote of the majority of the qualified voters therein."

The court below found as a fact: "That sufficient taxes which are collectible, have already been levied to pay all of said judgments, and that said taxes were authorized by vote of the people of the defendant city, and that the schools of the city of Charlotte, at the time the plaintiffs in each of said actions were employed, and at the time they rendered their services, were maintained, and the plaintiffs were employed therein, in the capacities hereinbefore mentioned under charter provision adopted by a vote of the people. . . . The expenses of their employment constituted a necessary expense of the city of Charlotte."

The findings of fact are clearly sustained by the evidence in the record and there can be no question under the well settled law that the plaintiff's judgments are a valid, binding obligation of the city of Charlotte. N. C. Code, 1931 (Michie), section 2933, in part, is as follows: "For the purpose of paying a judgment recovered against a municipality or paying the principal or interest of bonds due or to become due within two months and not otherwise adequately provided for, a municipality may borrow money in anticipation of the receipt of either the revenues of the fiscal year in which the money is borrowed or the revenues of the next succeeding fiscal year," etc.

Part of the judgment in the court below is as follows: "Upon the facts hereinbefore set out, and the additional facts alleged in the complaint, and admitted in the answers, as appears of record, the court is of the opinion that the defendant, the city of Charlotte, has authority, under section 2933 of the Consolidated Statutes, to pledge its general credit and to borrow money for the purpose of paying said judgments, and that it has such power whether the obligations upon which said judgments rest were incurred for necessary expense or not, but that the fact that they were incurred for a necessary expense is, in the opinion of the court, an additional ground, and the court is further of the opinion that the plaintiffs are entitled to a writ of mandamus directing the payment of said judgments."

In McQuillin Municipal Corporations, Vol. 5, part section 2354, page 993, speaking to the subject, we find: "Requiring an election to incur an indebtedness does not necessitate an election, after a vote in favor of incurring the indebtedness to determine whether bonds shall be issued."

20—206 .

In *Bolich v. Winston-Salem,* 202 N. C., 786 (788) : "A municipal corporation does not contract a debt, within the meaning of section 7 of Article VII of the Constitution of this State, when under statutory authority it issues bonds to refund bonds which at the date of the issuance of the refunding bonds are valid and enforceable obligations of the corporation. 44 C. J., 1132."

The present action is one of mandamus, the issuance of the writ is proper when a party has a present, clear, legal right and it lies to compel a party to do that which it is the duty to do without it. *Umstead v. Board of Elections,* 192 N. C., 139 (142). In the present case, the plaintiffs have a present, clear legal right and mandamus lies to compel the defendant to perform its duty and pay the plaintiffs the judgments recovered against defendant.

The salaries of these teachers and others are long past due. This Court has held that the judgments obtained by plaintiffs are binding and valid obligations of the city of Charlotte and the city must pay these judgments and should do so speedily. No class of our citizens have greater responsibilities and duties to perform than our school teachers— to them are committed the children of the State, after they leave the home, for training, guidance and direction. The burden is great and it is a matter of common knowledge that they have borne it with commendable patience and fortitude. They are mostly bread winners and the payment of their reduced salaries is naturally a great hindrance to efficiency and peace of mind—so important in training the young. How can they pay for their daily bread if they are not paid? "The labourer is worthy of his hire."

The judgments and writs of mandamus in the court below are fully supported by the well settled law of this State. The judgment of the court below is

Affirmed.