MARYLAND CASUALTY COMPANY, A CORPORATION, v. E. C. LELAND, R. L. JOHNSON, H. E. PACE AND D. W. PACE, COMPRISING THE BOARD OF COMMISSIONERS OF THE CITY OF SALUDA, ET AL.

(Filed 12 October, 1938.)

1. **Mandamus § 2c: Municipal Corporations § 45b—Ordinarily, mandamus will lie to compel municipality to levy taxes to pay valid judgment.**

   *Mandamus* to compel the levying of a tax sufficient to pay a debt arising *ex contractu* is the appropriate remedy to collect the debt from the

municipality, with the further requirement, imposed by statute (C. S., 867, as amended by ch. 349, Public Laws of 1933), that the claim must have been reduced to judgment, but the writ will not lie when it would result in the imposition of a tax in excess of constitutional or statutory limitations, or in diverting funds from necessary governmental functions.

**2. Mandamus § 1—**

The issuance of a writ of *mandamus* is no longer discretionary with the courts, but ordinarily must issue the writ when it is sought to enforce a clear legal right to which it is appropriate.

**3. Mandamus § 2c: Municipal Corporations § 45b—When municipality has power to levy tax in excess of governmental needs, mandamus will lie to compel levy of tax to pay judgment on tax anticipation notes.**

Plaintiff owned tax anticipation notes issued by defendant municipality, reduced same to judgment, and sought by this action *mandamus* to compel the municipality to levy a tax sufficient to pay the judgment. Defendant municipality contended that the levying of a higher tax would result only in foreclosure, that its current revenue was required for necessary governmental functions, and that the granting of the writ would work unjust preference in plaintiff's favor over other holders of the municipality's obligations. *Held:* Plaintiff is entitled to the writ, since it does not appear that the issuance of the writ would result in the immediate exhaustion of revenues available for governmental functions, mere speculation that this result might occur being insufficient, and since it does not appear that the commissioners have exhausted their authority to levy taxes in excess of governmental needs, and since any preference which plaintiff might obtain would result from his more diligent resort to a remedy open to all creditors alike.

APPEAL by plaintiff from *Pless, J.,* at August Term, 1938, of POLK. Reversed.

The plaintiff had reduced to judgment certain tax anticipation notes made by the town of Saluda, and brought this proceeding for a writ of *mandamus* to compel the defendants, commissioners of the town, to levy a sufficient tax to pay the judgment.

The complaint alleges that for a period of more than five years the defendants failed and refused to levy any tax to take care of the notes and interest, paying thereon during said time only the sum of $89.85 in August, 1936; that the notes were anticipation notes which the town was authorized to issue against expected collection of taxes for the year in which they were issued, and that plaintiff had secured judgment thereon; that the town had as resources available to pay the judgments: (a) taxes for the year 1936 and prior years uncollected and pledged, $25,000; (b) cash on hand, $1,000; (c) actual value of all property belonging to the city, other than above enumerated, sought to be subjected to additional taxation, $600,000. The complaint further sets out that a large part of the taxes pledged to discharge plaintiff's notes had

been collected by defendants and applied to other purposes and diverted to the payment of junior claims; and that defendants have refused to perform their legal duty in the levy of tax sufficient to pay plaintiff's lawful demands.

The defendants admit the validity of plaintiff's judgment and that the commissioners have failed for five years to levy a tax to liquidate the debt. They deny that the financial condition of the town is as stated in the complaint, alleging that the assessed valuation of property in the city for the year 1936 was $525,202, and for the year 1936 approximately $500,000.

As a further defense, defendants allege that the population of Saluda is only 524, and that the income of the inhabitants has been much reduced by reason of the depression; that many summer houses have been abandoned without payment of taxes, and that it has been impossible to collect taxes; that in view of the large outstanding bonded indebtedness of the town, it would be "unfair, unjust, and inequitable" for the writ of *mandamus* to issue, and defendants "invoke the equitable aid of the court" in requiring that creditors be treated alike.

Parts of the answer not considered pertinent to this opinion are omitted.

By agreement, the case was submitted to the judge without jury, and findings of fact were made.

As to the financial condition of the town, the court finds that it owes $332,470 principal, and that the total value of property in the town subject to taxation for the year 1937 was $436,000—making the debt 76% of the total property valuation; that the city tax rate is $1.60 on the $100.00 valuation, and the county rate $2.35, making a total of $3.95 per $100.00.

It is found that upon a rate of $1.60 per $100.00, the city collects $7,000 a year, and that the operating expenses are $7,500 a year. It is found that the population is 558; that the citizens are unable to pay any higher rate; that the imposition of further taxes will result in foreclosure; that uncollected taxes amount to $25,000 or $30,000, and that only $5,000 or $6,000 may be ultimately realized from this source.

The judgment concludes:

"Upon the foregoing findings of fact, the court concludes as a matter of law that the remedy sought by the plaintiff does not lie, for that the issuance of a writ of *mandamus* would result in the assured foreclosure of the property of the citizens of Saluda for the purpose of requiring the payment of its bonded indebtedness in preference to the right of the city to function as a municipality and to supply to its citizens necessary services usually rendered."

*Redden & Redden for plaintiff, appellant.*

*Massenburg, McCown & Arledge and Hamrick & Hamrick for defendants, appellees.*

SEAWELL, J. From early times in this State, and generally elsewhere, *mandamus* has been recognized as a proper proceeding to compel a levy of tax to pay a judgment against a municipality. *Gooch v. Gregory,* 65 N. C., 142; *Lutterloh v. Comrs.,* 65 N. C., 403; *Allen v. Drainage Comrs.,* 175 N. C., 190, 95 S. E., 170.

In fact, it is often the only remedy, since the property of a municipality necessary to carry on government is not subject to execution. *Hardware Co. v. Schools,* 151 N. C., 507, 66 S. E., 583; *Brockenbrough v. Comrs.,* 134 N. C., 1, 46 S. E., 28; *Weber v. Lee County,* 73 U. S., 210, 18 L. Ed., 781. Formerly, the writ was available to compel the levy of taxes to pay the principal and interest on bonds and liabilities arising *ex contractu,* which had not been reduced to judgment. *Pegram v. Comrs.,* 64 N. C., 557; *Leach v. Comrs.,* 84 N. C., 829; *Comrs. v. MacDonald,* 148 N. C., 125, 61 S. E., 643; *Spitzer v. Comrs.,* 188 N. C., 30, 123 S. E., 636. Chapter 349, Public Laws of 1933, amended C. S., 867, relating to *mandamus* proceedings to enforce a money demand, by providing, among other things, that the petitioner must show that the claim has been reduced to judgment. Michie's Code, 1935, section 867. With this distinction, the principles involved in all the cited cases are the same, and they are pertinent to this discussion.

Settled authority and precedent in the use of *mandamus* to enforce a money demand so limit the jurisdiction and discretion of the court as to preclude a favorable consideration of many of the matters urged upon us as equitable defenses in the case at bar, and which seem to have had an influence in the decision of this case in the trial court.

Such proceedings are not proceedings in equity. *Walkley v. Muscatine,* 6 Wall. (U. S.), 481; *Thompson v. Allen County,* 115 U. S., 550. Under our own practice, *mandamus* is put to statutory uses, and both by custom and authority has been deprived of much of its common law character. The writ is no longer, as at common law, a high prerogative writ; *Belmont v. Reilly,* 71 N. C., 260; *Burton v. Furman,* 115 N. C., 166, 168, 20 S. E., 443; and the court has no discretion to refuse it when it is sought to enforce a clear legal right to which it is appropriate. *Hammond v. Charlotte,* 206 N. C., 605, 175 S. E., 148; *Hickory v. Catawba County,* 206 N. C., 165, 173 S. E., 56; *Braddy v. Winston-Salem,* 201 N. C., 301, 159 S. E., 310; *Cody v. Barrett,* 200 N. C., 43, 156 S. E., 146; *Hayes v. Benton,* 193 N. C., 379, 137 S. E., 169; *Person v. Watts,* 184 N. C., 499, 115 S. E., 336. *Mandamus* is as much an instrument of enforcement at law as it is an aid in equity, and, as sought here, may be considered the equivalent of execution. *Bear v. Comrs.,*

124 N. C., 204, 210, 32 S. E., 558; *United States v. Oswego*, 28 Fed., 55; *Chicago v. Hasley*, 25 Ill., 595.

Inhibitions against its use will be found to arise more out of the nature of the subjects to which it is applied, and the powers and functions of officers upon which it is intended to operate, rather than anything inherent in the writ. Of course, it will not issue to require a levy of taxes beyond the constitutional or statutory limitations, where such limitations exist; and even within these limits it may be accepted as established law that private right must be subordinated to public necessity in the sense that needs of government, economically administered, have a prior demand on the proceeds of taxation. *Cromartie v. Comrs. of Bladen*, 85 N. C., 211. So the writ will not be issued when the effect will be to divert the funds from necessary governmental uses to the satisfaction of a private claim. But such diversion must appear as the immediate consequence of exhaustion of revenues available for governmental purposes and of the power to tax. The Court cannot consider speculative consequences, to be brought about by an increased burden of taxation, the difficulty of collecting the taxes and consequent foreclosure, and the diminution of tax revenues from similar causes which eventually might come about and defeat government. Where there is a margin between the needs of government, as above defined, and the limit of authority to levy the tax, there seems to be no question that the writ must issue. *Cromartie v. Comrs. of Bladen, supra.*

We have no definite classification as to the kind of service a municipality may furnish its citizens to the postponement or defeat of its obligations to creditors. In *Cromartie v. Comrs. of Bladen, supra,* there is more than a suggestion that such classification may not be made arbitrarily, at the pleasure of the commissioners or governing body of the municipality, and in the exercise of an unreviewable discretion. But it is not necessary to decide that matter at this time, however interesting it may be in its relation to the facts in the record.

In passing on plaintiff's right to the writ of *mandamus,* the Court must be guided by the principles above enunciated, and not by general rules which it might call to its aid in a distinctly equitable proceeding.

It follows that mere amelioration of the burden of taxation is not a proper consideration. The unfortunate condition of the town in that respect might possibly have been foreseen and prevented, since it is difficult to see how a town of 558 inhabitants could incur a bonded debt of $330,000 without the sanction of its citizens at the polls.

Nor have we any discretion to refuse the writ on the ground that it might work a preference of plaintiff's claim over those of other creditors. Whatever preference may ensue upon the issuance of the writ began when plaintiff brought suit on its claim, and may be referred to its more diligent resort to a remedy open to all creditors alike.

It does not affirmatively appear in the record or in the findings of fact that in providing for the needs of government the commissioners of the town have reached the limit of their authority to levy taxes, and we think there was error in refusing the writ.

The judgment is
Reversed.