RALPH B. LUTTERLOH v. THE BOARD OF COMMISSIONERS OF
CUMBERLAND COUNTY.

Where a party has established his debt against a county by judgment, and payment cannot be enforced by an execution, he is entitled to a writ of *mandamus* against the Board of Commissioners of said county, to compel them to levy a sufficient tax to pay off and discharge his said judgment.

There is no provision in the C. C. P. regulating the proceedings in writs of *mandamus*, and in such cases "the practice heretofore in use may be adopted so far as may be necessary to prevent a failure of justice." C. C. P. sec. 392.

This writ can only be used by the express order of a Court of superior jurisdiction, and is not embraced in the rule established in *Tate* v. *Powe*, 64 N. C. 644, which marks out the distinction between civil actions and special proceedings.

Where the plaintiff's demand may involve disputed facts, the proper application is for an alternative *mandamus*. Where, however, the plaintiff's claim is based upon a judgment, then the proper process is a peremptory *mandamus*.

This was a petition for a peremptory *mandamus* heard before *Buxton, J.,* at Spring Term, 1871, of CUMBERLAND Superior Court.

The petioner had heretofore obtained judgments in sixteen cases against the defendants, amounting in the aggregate to several thousand dollars. Executions were issued in all the cases, upon each of which the Sheriff of Cumberland county returned " nothing to be found."

After said return of the Sheriff, the plaintiff caused a summons to issue against the defendants, returnable to Spring Term, 1871, of Cumberland Superior Court, and filed a written complaint verified by affidavit, specifying the particulars of his demand, which comprised the foregoing judgments, and the steps heretofore taken without avail for their enforcement, and demanding judgment of *mandamus*.

Upon the defendants, claiming the whole term in which to file an answer, the plaintiff withdrew his civil action, and obtained a rule upon the defendants, to show cause on a day named, of that Term of the Court, why a *mandamus* should not be issued by the Court to enforce them to levy a tax sufficient to pay off, and satisfy his aforesaid judgments.

On moving for the rule, the plaintiff read as an affidavit in support of his motion, the complaint filed in the action which he had heretofore withdrawn.

Notice of the rule was accepted by the defendant. The plaintiff also gave notice, that at the hearing, the complaint would be used as a petition for *mandamus*.

Upon the day named for the hearing of the application, the defendant appeared, and moved to dismiss the application, because it was made *neither by a civil action*, nor by a special proceeding.

His Honor refused to dismiss, and directed a *mandamus* to issue returnable to next Term, making it *peremptory* in the first instance. From which rulings and order, defendant appealed.

*McRae*, for plaintiff.
*Phillips & Merrimon* and *B. & T. C. Fuller*, for defendant.

DICK, J.   The plaintiff has established his debt against the County of Cumberland by judgment duly docketed; and as he cannot enforce payment by an execution, he is entitled to a writ of *mandamus* against the Board of Commissioners to compel them to levy a tax for the satisfaction of said judgment. *Gooch* v. *Gregory,* 65 N. C. 142.

There is no provision in the C. C. P., regulating the proceedings in writs of *mandamus,* and in such cases " the practice heretofore in use, may be adopted so far as may be necessary to prevent a failure of justice." C. C. P., sec. 392.

The writ of *mandamus* is an extraordinary remedy, and can only be used by the express order of a Court of superior jurisdiction, and is not governed by the rules prescribed for the prosecution of ordinary legal remedies. *State* v. *Jones,* 1 Ire. 129. It is not embraced in the rule established in *Tate* v. *Powe,* 64 N. C. 644, which defines the distinction between civil actions and special proceedings.

This high prerogative writ may be obtained from the Superior Court, and the applicant must show by petition or affidavit that he has a specific legal right, and has no adequate legal remedy to enforce it.   If the case presented by the applicant shows that the rights of the parties are unadjusted, and there may be facts in dispute, the first process is an alternative *mandamus,* or a rule to show cause, which is in the nature of an alternative *mandamus.*   In all cases the defendant is entitled to reasonable notice to make his defence; and the manner of service and the day of return are matters within the discretion of the Court.   When the rights and liabilities of the parties are ascertained and determined by the judgment of a Court of superior jurisdiction, and the remedy cannot be enforced by an execution, there is no reason why the Court may not grant a peremptory *mandamus* in the first instance, upon a rule to show cause, &c.   In our case there are judgments of the Court establishing the rights of the plaintiff—those rights cannot be enforced by execution, the motion for a rule to show cause was

founded upon affidavits. Service of the rule was accepted by the defendants, and only a technical defence was made.

We think his Honoi was right in granting a peremptory *mandamus,* and the judgment is affirmed.

Let this be certified.

PER CURIAM.                                        Judgment affirmed.