LEWIS WEBB v. COMM'RS. OF THE TOWN OF BEAUFORT.

Where a debt against a municipal corporation has been reduced to judgment in a Court of competent jurisdiction, a premptory *mandamus* may be properly asked for, although such judgment is dormant.

(*Lutterloh* v. *Commissioners of Cumberland*, 65 N. C. Rep. 403, cited and approved.)

CIVIL ACTION, tried at the Fall Term, 1873, of the Superior Court of CARTERET county, before his Honor, *Judge Clarke*.

Plaintiff alleges, that at February Term, 1861, of the Court of Pleas and Quarter Sessions of Carteret county, he recovered against the defendants a judgment for $300 principal money, and $33,90 interest and costs; that an execution thereon issued, under which, from the sale of the Market House and certain lots in the town of Beaufort, there was raised $12, which was applied to the payment of the original and subsequently accrued

costs in the suit ; that the defendants owned no other property out of which the judgment could be collected.   That no part of the principal and interest of said judgment has been paid, whereupon the plaintiff demands judgment, that a preremptory writ of *mandamus* be issued, commanding the "Commissioners of the town of Beaufort" to pay or cause to be paid to the plaintiff or his Attorney, the sum of $333,90.

Defendants demurred to this complaint, on the ground, that the judgment of the Court of Pleas and Quarter Sessions in favor of the plaintiff, and against the defendants, set forth in the pleadings, was and had been, for many years dormant.

His Honor gave judgment in favor of defendant, and dismissed the complaint, and the plaintiff appealed.

*Hubbard,* for appellant.

The rights of the plaintiff were ascertained and determined by the County Court of Carteret, and the Court may grant a peremptory writ of *mandamus* in the first instance.

The dormancy of the judgment of the County Court, it is insisted, does not alter the character of plaintiff's claim.   It is equally ascertained and certain when the judgment is dormant as when it is not.

The dormancy of a judgment does not at all affect its dignity in the administration of assets.   *State* v. *Johnson,* 7 Iredell, 231, and in anology to this principle it is submitted that the dormancy of the judgment in this case does not defer the certainty of plaintiff's claim.

*Green,* contra.

READE, J.   When the demand, in this case the debt, of the plaintiff is ascertained by the judgment of a Court of competent jurisdiction, a peremtory *mandamus* may be asked for.   *Lutterloh* v. *Board of Commissioners of Cumberland County,* 65 N. C. R., p. 403.   This would probably not be controverted,

but the demurrer is upon the ground, that the judgment which ascertained the plaintiff's debt is dormant.    Take that to be so ; still a dormant judgment is evidence of indebtedness, and of the amount of indebtedness, just, as well as a judgment not dormant, and may be enforced as well, but not in the same way. The one by execution the other by action to revive.    If the plaintiff's judgment were alive, he would have no remedy to enforce it by execution because the defendant has nothing which an execution can reach.    And as he would have to resort to the present remedy by *mandamus*, there is error in sustaining the demurrer and dismissing the action.

Let this be certified.

PER CURIAM.                              Judgment reversed.