## COUNTY OF CASS *v.* JORDAN.

The court adheres to its rulings in *County of Cass* v. *Johnston, supra,* p. 360.

ERROR to the Circuit Court of the United States for the Western District of Missouri.

The coupons sued on by Jordan are from bonds issued by Cass County on behalf of Mount Pleasant Township, which recite that they are issued " pursuant to an order of the county court of said county, made by authority of an act of the General Assembly of the State of Missouri, entitled ' An Act to facilitate the construction of railroads in the State of Missouri,' approved on the twenty-third day of March, 1868, and authorized by a vote of more than two-thirds of the voters of said township, to aid in the construction of the Pleasant Hill and Lawrence Branch of the Pacific Railroad of Missouri." The bonds bear date Aug. 24, 1869.

A petition of the requisite number of the tax-payers and residents of the township having been presented May 11, 1869, praying the county court to submit to a vote of the qualified voters of the township, the question of subscribing " $25,000 to the capital stock of the Pacific Railroad Company, which proposes to build a railroad through said township, to be known as the Pleasant Hill and Lawrence Branch of the Pacific Railroad," the requisite order was made, and the sheriff directed to give notice of the election. It was duly held July 13, 1869, and more than two-thirds of the qualified voters of said township voting thereat voted in favor of the subscription. The court thereupon ordered the subscription to be made to the capital stock of that company, and the bonds to be issued.

The Pacific Railroad Company was incorporated March 12, 1849, by an act of the General Assembly of Missouri, and was, by its charter, authorized to build branch roads. Its board of directors adopted and, June 15, 1869, filed in the office of the secretary of state a resolution declaring said branch to be a branch of the Pacific Railroad, under an act of the General Assembly, entitled " An Act to aid the building of

branch railroads in the State of Missouri," approved March 21, 1868.

Before the subscription was made, the company, July 24, 1869, submitted a proposition to the county court, that the stock to be issued should be stock in said branch, and none other, as provided by said act of March 21, 1868.

The county court, in compliance with the petition of two-thirds of the voters voting at said election, accepted the proposition, Aug. 14, 1869, and, conformably to its terms, entered into a contract with the company. The bonds were accordingly issued, and the certificates of stock in the branch road delivered. The road was constructed as a branch road under the act of March 21, 1868.

The court below rendered judgment against the county for the amount of the coupons and interest, and the county sued out this writ of error.

Submitted on printed arguments by *Mr. Willard P. Hall* for the plaintiff in error, and by *Mr. John B. Henderson* and *Mr. T. K. Skinner* for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The only question presented in this case not disposed of by the judgment in *County of Cass* v. *Johnston, supra*, p. 360, is that which relates to the identity of the company to whose stock the subscription was made with that to which the subscription was authorized, the claim being that the vote was for a subscription to the stock of the Pacific Railroad, while the subscription was actually made to that of the Pleasant Hill and Lawrence Branch of the Pacific Railroad. It appears, with reasonable certainty, that the vote of the township was for a subscription to aid in the construction of the branch road, and was intended to authorize the taking of the stock in the Pacific Railroad set apart under the " Act to aid in the building of branch railroads in the State of Missouri," approved March 21, 1868, to the Pleasant Hill and Lawrence branch. This renders it unnecessary to consider whether the plaintiff below was an innocent holder of the bonds sued upon, and what her rights would be as such.

The effect of the filing of the certificate for the construction of the branch after the call for the election, but before the vote was taken, has been sufficiently considered in the case above cited.    *Judgment affirmed.*

MR. JUSTICE MILLER and MR. JUSTICE BRADLEY dissented.