CHARLES HOLSWORTH, APPELLANT, V. FRED O'CHANDER, APPELLEE.

FILED SEPTEMBER 16, 1896. NO. 6663.

Res Judicata: OVERSEERS OF HIGHWAYS. A judgment upon the merits against the defendant, an overseer of highways, for the removal, under color of his office, of a fence situated on the plaintiff's land, the sole defense being the existence of an alleged public road at the *locus in quo*, is, in the absence of fraud, a bar to a subsequent proceeding by the successor in office of the former in behalf of the public to restrain the threatened obstruction of such alleged highway in which the rights of the parties depend upon the facts put in issue in the former action.

APPEAL from the district court of Dakota county. Heard below before NORRIS, J.

*R. E. Evans* and *John T. Spencer*, for appellant.

References: *Langdon v. State,* 23 Neb., 509; *Rathman v. Norenberg,* 21 Neb., 467; *Graham v. Flynn,* 21 Neb., 229; *O'Dea v.*

*State,* 16 Neb., 241; Elliott, Roads & Streets, 7, 658-671; *City of Eureka v. Armstrong,* 22 Pac. Rep. [Cal.], 828; *Hartford v. New York & N. E. R. Co.,* 59 Conn., 250; 21 Am. & Eng. Ency. Law, 128; *Washington, etc., Steam Packet Co. v. Sickles,* 5 Wall. [U. S.], 592; 2 Black, Judgments, 739; Bigelow, Estoppel [3d ed.], 112; *Cecil v. Cecil,* 19 Md., 80; *Springport v. Teutonia Savings Bank,* 75 N. Y., 397; *Dodge v. Zimmer,* 110 N. Y., 43; *Densmore v. Tomer,* 14 Neb., 392; 1 Herman, Estoppel, secs. 155, 291, 292; *Cabot v. Washington,* 41 Vt., 168; *Hill v. Morse,* 61 Me., 541; *Brenner v. Bigelow,* 8 Kan., 496; *Strother v. Butler,* 17 Ala., 733; *Wood v. Jackson,* 8 Wend. [N. Y.], 9; *Cromwell v. Sac County,* 94 U. S., 351; *Hooker v. Hubbard,* 102 Mass., 245; *Russell v. Place,* 94 U. S., 606; *Potter v. Baker,* 19 N. H., 166; *Bosquett v. Crane,* 51 Cal., 505; *Standish v. Parker,* 2 Pick. [Mass.], 20; *Teal v. Terrell,* 48 Tex., 491; *Baker v. Rand,* 13 Barb. [N. Y.], 152; *Harding v. Hale,* 2 Gray [Mass.], 399; *Rube v. Sullivan,* 23 Neb., 783; *Quinton v. Burton,* 61 Ia., 471; *Elsworth v. Lord,* 42 N. W. Rep. [Minn.], 389; *Elk County v. Earley,* 15 Atl. Rep. [Pa.], 602; *Appeal of Township of North Manheim,* 14 Atl. Rep. [Pa.], 137; *City of Demopolis v. Webb,* 6 So. Rep. [Ala.], 408; *Burlington i Schwarzman,* 52 Conn., 181.

*Barnes & Tyler, Lynn & Sullivan, Carter & Brown, J. C. Crawford, Jay & Beck,* and *Mockett, Rainbolt & Polk, contra.*

References: *Cole v. City of Muscatine,* 14 Ia., 296; *Coykendall v. Durkee,* 13 Hun [N. Y.], 260; *Putnam v. Valentine,* 5 O., 187; *Irwin v. Dixion,* 9 How. [U. S.], 10; *New York v. Mapes,* 6 Johns. Ch. [N. Y.], 46; *Mohawk & H. R. Co. v. Artcher,* 6 Paige Ch. [N. Y.], 83; *Dana v. Valentine,* 5 Met. [Mass.], 8; *Parker v. Winnipiseogee,* 2 Black [U. S.], 545; *Van Bergen v. Van Bergen,* 3 Johns. Ch. [N. Y.], 282; *Porter v. Witham,* 17 Me., 292; *Crowder v. Tinkler,* 19 Ves. [Eng.], 617; *Tichenor v. Wilson,* 4 Halst. [N. J.], 197; *Case v. Beauregard,* 101 U. S., 688; 1 Herman, Estoppel, secs. 155, 230; 21 Am. & Eng. Ency. Law, 129; *Westmoreland v. Conemaugh,* 34 Pa. St., 231; *Ferris v. Bramble,* 5 O.

St., 109; *People v. Brighton,* 20 Mich., 71; *Anderson v. Commissioners of Hamilton County,* 2 O. St., 644; *Beebe v. Scheidt,* 13 O. St., 415; *Milton v. Wacker,* 40 Mich., 229; *Shue v. Highway Commissioners,* 41 Mich., 638; *State v. Weimer,* 20 N. W. Rep. [Ia.], 171; *Alcott v. Acheson,* 49 Ia., 569; *Wabaunsee v. Muhlenbacker,* 18 Kan., 129; *McCearly v. Lemeunicr,* 3 So. Rep. [La.], 649; *Tupper v. Huson,* 1 N. W. Rep. [Wis.], 332; *Tillman v. People,* 12 Mich., 405; *Field v. Village of Manchester,* 32 Mich., 279; *Wayne County v. Miller,* 31 Mich., 447; *Speir v. New Utrecht,* 24 N. E. Rep. [N. Y.], 692.

Post, C. J.

This is an appeal from a decree of the district court for Dakota county dismissing the petition of the plaintiff, who, as overseer of highways, seeks to restrain the defendant from the threatened obstruction of a certain alleged public road within the plaintiff's district. The defendant for answer alleges that he is the owner, in his own right, of the premises described, and admits the building of a fence as charged at the point in question, but denies the existence of a public road upon his said premises. He also pleads as a defense a former judgment, to which extended reference will hereafter be made. The reply puts in issue all allegations of new matter contained in the answer.

It is shown by the evidence in the record that in the year 1885 one Lars O'Chander, defendant's immediate grantor, was the owner in his own right of the premises described in the petition, to-wit, the south half of the northeast quarter of section 28, township 27, range 8 east, in Dakota county, and also of the southeast quarter of section 29, in said township; that in the month of July of said year one Barnes, a predecessor of the plaintiff, in the office of overseer of highways, claiming the existence of a public road over and upon the premises above described, and in the exercise of his authority as such overseer, cut down and removed a fence before that time

erected by the said Lars O'Chander across said alleged road on the southeast quarter of section 29, about eighty rods distant from the point of the defendant's threatened obstruction; that an action of trespass was thereupon brought by the said Lars O'Chander as plaintiff against the overseer above named and which was prosecuted to judgment upon its merits in favor of said plaintiff in the district court for Dakota county. It is also clear from the record that the purpose of the plaintiff is by means of this suit to assert in behalf of the public the identical claim which was relied upon as a justification by his predecessor in the suit last mentioned, viz., the existence of a public highway through sections 28 and 29, by reason of certain proceedings before that time had by the county board of said county, and also on account of the alleged continued and uninterrupted use thereof by the public as such for more than ten years. Pertinent in this connection is the answer filed by Barnes in that action, viz.:

"Comes now the defendant and for answer to plaintiff's petition filed herein states: That he denies each and every allegation therein contained except such as are hereinafter admitted or otherwise answered; that as to whether plaintiff is the owner of the real estate in said petition described defendant has neither knowledge nor information sufficient to form a belief, and defendant states the fact to be that there is running through said real estate a public highway or road, and further, that plaintiff is estopped from denying that the same is a lawful public highway or road for the reason that the said plaintiff has received the sum of $100 as damages from the said county for land taken in the establishment of said highway; and for the further reason that plaintiff in the year 1882 or 1883 petitioned the board of county commissioners of said county for a resurvey of said highway, which said resurvey was duly ordered by said board and carried out; that the defendant is the supervisor of highways for the district in which said real estate and

road are located; that on the 30th day of July, 1885, plaintiff had obstructed the said highway by building a wire fence across and in the same, and that on said day this defendant, finding the said highway so obstructed and acting as such road supervisor, removed such obstruction by cutting the said fence, and thereby opened said highway for travel."

The foregoing allegations having been put in issue by a general denial, there was a trial to a jury, at the conclusion of which a verdict was returned in favor of the plaintiff for nominal damage in obedience to the following peremptory direction of the court, and upon which judgment was subsequently entered:

"1. Plaintiff brings this action to recover damages for trespass upon his land and injury to his fence, alleged to have been committed on July 30, 1885. Defendant admits the removal of the fence and justifies his acts by reason of the fact that he is and was road supervisor and as such removed the fence, which he claims was upon the public highway and obstructed travel.

"2. You are instructed that there is no testimony before you establishing a public road over and across the land where the fence was situated, and the only question for you to determine is the amount of damages plaintiff has sustained by reason of the removal of the fence.

"3. You should assess plaintiff such damages as he has shown himself entitled to by a fair preponderance to be entitled to, and find a verdict accordingly."

There is also evidence tending to prove the acquiescence by the county in the result stated by the abandoning of its claim respecting said road and the removal of a bridge before that time erected on the line thereof. Counsel for plaintiff, however, insist that that judgment is not a bar to this action, because (1) the *locus in quo* herein differs from that involved in the former suit; (2) there is no privity between this plaintiff and his predecessor in office, Barnes.

To the first contention it is a sufficient answer that the

effect which counsel accord to the former judgment is entirely too restricted.   Indeed, the inference is irresistible from the facts and circumstances in evidence that the real controversy, and to which the judgment there rendered is responsive, was, as it is in this case, the legal existence as an entirety of the alleged road, as a public highway, through the action of the county board or by reason of adverse user.   The fact, therefore, that the *locus in quo* was a point on the line of the alleged road eighty rods distant from the obstruction now complained of is without significance.

Preliminary to an examination of the second proposition it may be observed that there can be no doubt of the privity between the defendant herein and his grantor, Lars O'Chander.   Privity in its broadest sense denotes the mutual or successive relationship to the same right of property. (Bouvier's Law Dictionary; 2 Greenleaf, Evidence, sec. 189; 1 Herman, Estoppel, p. 149.)   The defendant, therefore, as grantee of the property described, by deed from the said Lars O'Chander subsequent to the judgment in the former suit, is in a position to assert whatever rights, if any, accrued to the latter thereunder. This observation leads to the second and principal ground of contention, viz., the relation of the plaintiff herein in his representative capacity as overseer of highways to his predecessor, Barnes, in the former action.   It is conceded that a single recovery for trespass would not in every case work an estoppel as against the rights of the public.   But we are, on principle, unable to perceive that the attitude of the plaintiff in the prosecution of this action differs essentially from that of his predecessor in the assertion by the latter of the identical claim. If he has any standing as a party to this proceeding,—a proposition strongly controverted,—it is by reason of his duty with respect to the highways of his district and the fact that in the discharge of such duty he stands as the representative of the public at large.   To demonstrate the foregoing proposition it is only necessary to inquire

what will be the effect upon the rights of the parties of the final decree herein. That a result favorable to the contention of the plaintiff will work an estoppel as against the claim of the defendant follows necessarily from the reasoning of the former, and accords with the theory upon which the action is prosecuted. And that a result adverse to the plaintiff will estop the public with respect to the claim asserted in its behalf cannot be doubted, since the primary purpose of this proceeding is the enforcement, not of a mere private right, but a public easement in the defendant's property. The plaintiff is, in his capacity as overseer, authorized, after reasonable notice, to remove fences or other obstructions from the public roads at the cost of the owners or persons creating the same (Compiled Statutes, ch. 78, sec. 69); but whether he proceeds under the statute or invokes the powers of a court of equity, he acts by virtue of his office; and a judicial determination respecting his rights in a given case ought, on principle, to conclude the public, whom he represents, as effectually and for all purposes as if the action had been prosecuted in the name of the county or other public body. A recognized test in determining the effect of a judgment or decree is the relation thereto of the party against whom or in whose favor it is subsequently alleged as an estoppel. Thus, for instance, one made a defendant in his official capacity will not be personally bound by the judgment rendered, and one impleaded in his personal capacity only, will not be bound officially. (Freeman, Judgments, sec. 156.) We cannot upon this record doubt that the judgment here pleaded would have been a complete bar to a subsequent proceeding by Barnes, the plaintiff's predecessor, in his official capacity to restrain the further interference by defendant's grantor with the alleged highway. The acts charged as the basis of the former action, and the interposition therein by the overseer named of his official character in justification was but the assertion, in behalf of the public, of a public right, by its accredited representative,

acting within the scope of his authority. It was, in legal effect, an act of the public, not as a body corporate it is true, but according to its more comprehensive definition, which includes the people or community at large, without regard to the territorial limits of any town or county. The public is, in that enlarged sense of the term, a distinct legal entity, capable of acquiring rights by adverse use, and may in turn lose such rights by non-user. It was in that sense privy to the claim asserted in its behalf, and is accordingly concluded by the adverse result.

DECREE AFFIRMED.