DECISION
Capital Properties, Inc. has filed a Motion for Writ of Mandamus compelling payment of a final judgment and the State of Rhode Island has filed an objection. This Court possesses jurisdiction pursuant to R.I.G.L. § 8-2-16 and Super. Ct. R. Civ. P. Rule 81(d).
 FACTS AND TRAVEL
On April 6, 1988, Capital Properties, Inc. (Capital Properties) filed this action seeking a determination of the fair market value for property condemned by the State of Rhode Island Department of Transportation (State) in connection with the Providence River Relocation — Memorial Boulevard Extension Project in the City of Providence. On May 6, 1997, a judge of this court entered a Final Judgment in the amount of $10,653,328.03 in favor of the plaintiff. The state filed a post-trial motion to join the City of Providence (City) as a party defendant. The state argued that this court should consider two contracts executed by the State and the City and a deed from the State to Capital Properties, because the court's determination of the contractual obligations related thereto would allocate liability for the payment of any final judgment entered. After hearing arguments of counsel, the court denied the post-trial motion and the State appealed. The Supreme Court denied the appeal stating:
 the only question remaining in dispute between the parties is the issue of the alleged contractual obligations — among the [State], [Capital Properties], and the [C]ity — relating to the satisfaction of any judgment in this case. The merits of this issue, however, were never properly before the Superior Court, and we decline to review them at this time.
 Accordingly, we deny and dismiss this appeal and sustain the trial justice without prejudice to any party's seeking to enforce any contractual obligations that may be implicated by the enforcement of the judgment.
Capital Properties, Inc. v. State, No. 97-329-Appeal, Order Entered (April 17, 1998).
On May 21, 1998 Capital Properties served the state with a Writ of Execution that was return unsatisfied. On May 22, 1998 Capital Properties served the State with a Citation in Supplementary Proceedings. On May 26, 1998 the State filed an action captioned William D. Anker, Ph.D., Director of the RhodeIsland Department of Transportation v. Stephen Napolitano, CityTreasurer, The Honorable Vincent A. Cianci, Mayor, City ofProvidence, and Capital Properties. Inc., C.A. No. 98-2525 seeking declaratory relief concerning the parties' obligations with respect to payment of the Final Judgment in this matter and requesting the court to stay the execution enforcing this payment. On May 28, 1998 a judge of this court issued a decision stating:
 [The State] argues, . . . , that the judge was in error in not granting the state's post trial motion to add the City of Providence as a party [d]efendant, and thus the judge was in error in not deciding the obligation of the state, Capital Properties, Inc., and the City of Providence relating to the satisfaction of any judgment in this case.
 The Supreme Court in reviewing the state's appeal held, and I quote, `The merits of the issue were never properly before the Superior Court and we decline to review them at this time.' For similar reasons, the issue of who owes what to whom is not properly before me. . . . In effect the issue has been decided. And certainly it's not reviewable by another justice of the Superior Court. The dispute between the State and the City of Providence should not delay the ability of Capital Properties to enforce its judgment. . . .
 The State's motion for a stay of the proceedings is denied. . . .
Decision by Justice Joseph F. Rodgers, Jr., C.A. PC 98-2525 and 88-1654, May 28, 1998, Rodgers, PJ (emphasis added).
Capital Properties argues that a final judgment has been entered in this matter and the state's objections have been fully adjudicated before the Superior Court and the Supreme Court. Capital Properties moves this Court to issue a Writ of Mandamus compelling payment of the Final Judgment entered because Capital Properties has a clear legal right to this payment, the State has a ministerial legal duty to pay this judgment, and Capital Properties has no adequate remedy at law to enforce this judgment.
The State argues that this Court lacks subject matter jurisdiction because an execution does not properly lie against the State. The State also argues that the court does not have subject matter jurisdiction to decide the Motion for a Writ of Mandamus because:
 [t]he proper legal remedy is a writ of mandamus
issued to the General Treasurer and most certainly not further proceedings on judgment, in the ordinary course. The writ is governed by the rules of civil procedure, R.C.P. 81(3)(d)(sic). Ergo, there must be a summons and complaint, and an opportunity for the putative defendant to challenge the sufficiency of that complaint, and to otherwise respond according to the rules of procedure.
The State further argues that the Supreme Court in decidingCapital Properties, Inc. v. State, No. 97-329-Appeal, supra
contemplated the resolution of the contractual conflicts prior to final enforcement of the judgment entered.
Since this Court is scheduled to hear the matter of C.A. No. 98-2525 in August 1998, the State again moves the Court to consider the contractual issued raised in that action and objects to the issuance of a Writ of Mandamus compelling payment prior to the resolution of those issues. However, the State ignores the "law of the case" doctrine that states a
 prior ruling on a question of law made at one stage of a case becomes binding precedent to be followed in successive stages of the same litigation. (citations omitted). The ruling must be followed as the law of the case unless the court determines that it is no longer sound because of changed conditions, factual errors in the previous ruling, intervening changes in the law, or manifest injustice resulting from the original ruling. (citation omitted).
People of the City of Aurora v. Allen, 885 P.2d 207 (Colo. 1994). "Ordinarily, after one judge has decided an interlocutory matter in a pending suit, a second judge on that same court, when confronted at a later stage of the suit with the same question in the identical manner, should refrain from disturbing the first ruling. (citations omitted)." Richardson v. Smith, 691 A.2d 543, 546 (R.I. 1997). The State's objection concerning enforcement of the Final Judgment has been decided by Justice Rodgers and the State has presented no argument or additional evidence to persuade this Court that the decision of Justice Rodgers to deny a stay of execution in this matter should not be followed and the Motion for Writ of Mandamus decided at this time.
This Court is also not persuaded by the State's argument that Capital Properties must file a complaint against the Treasurer of the State to enforce the Final Judgment. The State does not cite any authority to support this proposition. Capital Properties has submitted a Motion for a Writ of Mandamus that, as thus employed, is in the nature of the statutory writ of execution, and is legally equivalent thereto. Richmond v. Kettelle, 42 R.I. 207, 106 A.2d at 298.
Moreover our Supreme Court in Adler v. Lincoln HousingAuthority, 623 A.2d 20 at 25 (R.I. 1993) has held:
 a writ of mandamus will issue only where the petitioners have a clear legal right to have the act done which is sought by the writ; and where the respondents have a ministerial, legal duty to perform such act without discretion to refuse; and where the petitioners have no plain and adequate remedy at law. (citations omitted).
The Court finds that the Final Judgment provides Capital Properties with a clear legal right to payment of the judgment by the State. The State has presented no argument that it has, or should have, discretion to refuse the payment of this judgment except for the aforementioned defenses that are not properly before the court. Since the State is authorized to expend funds for land acquisitions for the Providence River Relocation — Memorial Boulevard Extension Project pursuant to R.I.G.L. §42-95-1 et seq., the State is thus authorized to pay the Final Judgment amount to Capital Properties. In Re John Doe,120 R.I. 885, 896, 390 A.2d 390, 396-397 (1978).
For the above-stated reasons the Court, pursuant to jurisdiction granted to it in R.I.G.L. § 8-2-16, hereby grants to Capital Properties its requested Writ of Mandamus against the State and orders the State to make payment in the amount of the Final Judgment plus accrued interest.
Capital Properties has also submitted a Motion pursuant to Super. Ct. R. Civ. P. Rule 11 requesting this Court to impose sanctions against the State for raising the above arguments. The Court finds that the State's arguments were not made in bad faith and not interposed for any improper purpose, and thus denies its motion.
Counsel shall prepare and submit an appropriate Order for entry in accordance herewith within ten (10) days.